UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SLOCUM,

                Petitioner,             Civil Action No. 2:13-cv-13787
                                                          Honorable Lawrence P. Zatkoff

v.

JOE BARRETT,

                Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Isabella Circuit Court of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and accosting a child for immoral purposes. MICH. COMP. LAWS § 750.145a. Petitioner is currently serving concurrent sentences of 135-to-360 months for the criminal sexual conduct conviction and 17-to-48 months for the accosting a child conviction. The petition raises six claims: (1) the victim falsely testified at trial, (2) a police officer falsely testified at trial, (3) trial counsel was ineffective, (4) appellate counsel was ineffective, (5) the trial court erroneously allowed evidence that Petitioner was racist, and (6) the prosecutor committed misconduct. The Court will deny the Petitioner's request because the claims are without merit or procedurally defaulted. The Court will also deny Petitioner a certificate of appealability, and permission to appeal *in forma pauperis*.

I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v.*

*Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Officers arrested defendant in October 2007, after the complainant revealed to her counselor that she had had a sexual relationship with defendant that began in 2003 and ended in 2005. Defendant admitted to the sexual relationship, but testified that the first sexual encounter between the two took place when the complainant was 16. The complainant, however, testified to several sexual encounters that took place before her sixteenth birthday.

*People v. Slocum*, No. 285563, 2009 WL 4724304, at *1 (Mich. Ct. App. Dec. 10, 2009).

Following his conviction and sentence, Petitioner filed an appeal of right, raising the following claims:

> I. Defendant was denied his right to a fair trial (US Const. Ams V, VI; Const. 1963, art 1, §§ 17, 20), when complainant testified defendant was racist and violated a pre-trial ruling by describing the sex as becoming 'more aggressive.' Only if necessary to reach this issue, defendant argues trial counsel was constitutionally ineffective in failing to object or seek a cautionary instruction.
>
> II. Defendant was denied his due process right to a fair trial, U.S. Const. Ams V, VI; Const 1963, art 1, §§ 17, 20, when the trial court refused his requests for: (1) complete counseling records of complainant, (2) complete phone logs, and (3) an adverse inference instruction regarding a videotape made of complainant's statement to police. An ineffective assistance claim is presented only if needed for the court to reach these issues.
>
> III. Resentencing is warranted where the defendant's sentences were increased based on facts neither proved to a jury nor admitted by defendant, specifically OV 13, and this violated defendant's Sixth Amendment rights That said, Defendant acknowledges that he is advocating what would be a change is [sic] existing law.
>
> IV. Defendant contends that the $1,400.00 in fines and $2,800.00 in costs he was assessed in this matter constitutes an improper ex post facto application of MCL 769.1k. As such, they are unlawful and should be vacated.

Petitioner also filed a pro-se supplemental brief, raising the following claim:

> V. Defendant was denied his due process right to a fair trial (US Const Ams V, VI; Const 1963, art 1, §§ 17, 20), when prosecutor at closing argument expressed his personal opinion as to the guilt of the defendant, repeatedly claimed the defendant had lied in his testimony, repeatedly vouched for the complainant's testimony, and made statements aimed at arousing the passions or sympathies of the jury. Only if

necessary to reach the issue, the defendant argues trial counsel was constitutionally ineffective in failing to object or seek cautionary instruction.

The Michigan Court of Appeals affirmed Petitioner's convictions. *Id*. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, but his application was denied by standard order. *People v. Slocum*, No. 140398 (Mich. Sup. Ct. May 25, 2010).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the following claims:

> I. Appellant was prejudiced and deprived of his due process right to a fair trial (US Const Ams V, VI; Const 1963, art 1, §§ 17, 20) when complainant's false and misleading testimony was given at trial regarding dates she was around appellant, her general disposition toward appellant, her interaction with her counselor, and the frequency of phone calls she made to appellant.
>
> II. Appellant was prejudiced and deprived of his due process right to a fair trial (US Const Ams V, VI; Const 1963, art 1, §§ 17, 20) when police officer Alan White's false and misleading testimony was given at trial regarding his October 2007 investigation report of what he found in Mason County during his investigation and the map admitted as exhibit #25 at trial.
>
> III. Trial counsel was constitutionally ineffective under both the United States and Michigan Constitutions (US Const Am VI; Const 1963, art 1, § 20) for failing to share critical 404(b) evidence with appellant, failing to investigate relevant facts and interview material witnesses, writing a defective subpoena, and failing to establish critical dates of relevant events.
>
> IV. Appellate counsel was constitutionally ineffective under both the United States and Michigan Constitutions (US Const Am VI; Const 1963, art 1, § 20) for failing to investigate relevant facts and interview material witnesses and for not filing a motion for remand for a Ginther hearing to make an appellate record of trial counsel's ineffective representation.

The trial court denied the motion for relief from judgment, finding in part that Petitioner's claims were barred from review under Michigan Court Rule 6.508(D)(3). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal for failure to establish entitlement to relief under Rule

6.508(D). *People v. Slocum*, No. 312063 (Mich. Ct. App. Jan. 3, 2013). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court but was also denied relief under Rule 6.508(D). *People v. Slocum*, 833 N.W.2d 915 (Mich. 2013) (table).

II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court

4

decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens,

5

J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Discussion

A. Procedurally Defaulted Claims

Petitioner's false testimony claims (Claims I and II) and his ineffective assistance of counsel claims (Claims III and IV) were first raised in his motion for relief from judgment filed in the trial court. The trial court denied relief with respect to these claims, in part, because Petitioner did not explain his failure to raise these claims in his appeal of right, as required by Michigan Court Rule 6.508(D)(3). The trial court also found that the claims were without merit. As a result, the adjudication of these claims rested on Petitioner's failure to comply with a state procedural rule, barring review of his claims in this action.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent,

a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply the presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that Petitioner failed to meet the burden of establishing entitlement to relief under Rule 6.508(D). These orders did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the Court must look to the trial court's opinion. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). The trial court's opinion found, in part, that Petitioner's claims were barred by Rule

7

6.508(D)(3), a state procedural rule. *Id*. Accordingly, the state courts relied upon a procedural rule to deny relief.

To the extent that the trial judge also discussed the merits of Petitioner's claims in addition to invoking the provisions of Rule 6.508(D)(3) to reject Petitioner's claims, the Court's current analysis is not affected. *See McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991) ("[A] federal court need not reach the merits of a habeas petition where the last state-court opinion clearly and expressly rested upon procedural default as an alternative ground."); *Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999) ("[T]he fact that the trial court briefly discussed the merits of the claim as an alternative basis for denying the motion does not alter th[e] conclusion [that the petitioner's claim was procedurally barred by Mich. Ct. R. 6.508(D)(3)]."). Petitioner's claims are therefore barred from review.

Although Petitioner asserts that his appellate counsel's failure to raise these claims satisfies the "good cause" requirement and excuses his procedural default, the Court finds that Petitioner is unable to show that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard. *Id*. at 754. Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Id*. at 753.

Although it is possible to raise a claim of attorney error "based on [appellate] counsel's

8

failure to raise a particular claim [on appeal], it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an appellate brief which raised the last two claims that Petitioner presents in his petition as well as other claims not presented in the petition. Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. For the reasons stated by the trial judge in rejecting petitioner's post-conviction claims, none of the claims raised by Petitioner in his post-conviction motion were "clearly stronger" than those raised on direct appeal. Accordingly, Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000).

The Supreme Court has held that, "if a habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to . . . argue the merits of his underlying claims.'" *Reeves v. Fortner*, 490 F. App'x 766, 769 (6th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "In order to establish actual innocence, the petitioner 'must show that it is more likely than not that no reasonable juror would

9

have found petitioner guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup*, 513 U.S. at 327). "The Supreme Court has cautioned that the actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" *Id*. (quoting *Schlup*, 513 U.S. at 327).Because Petitioner failed to establish good cause, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533. Furthermore, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider his false testimony and ineffective assistance of counsel claims as a ground for a writ of habeas corpus in spite of the procedural default.

Petitioner is therefore not entitled to habeas relief based on his defaulted claims.

B. Evidence that Petitioner is Racist and Aggressive

Petitioner claims that he was denied a fair trial when the victim testified that she was scared of Petitioner because he was racist and that at some point the sexual activity became more aggressive. Petitioner objected at trial, asserting that this testimony was more prejudicial than it was probative. The trial court sustained the objection as to the testimony that the conduct became more aggressive–but failed to instruct the jury to disregard it. The court denied the objection with respect to the testimony that the victim was scared of Petitioner because he was racist. The court of appeals held that the comment regarding Petitioner being racist was properly admitted, and that the testimony regarding Petitioner's conduct becoming more aggressive, if improperly admitted, was harmless.

Federal habeas corpus review of evidentiary rulings based on state law is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006). An issue concerning the admissibility

of evidence or error in state law does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Foley v. Parker*, 488 F.3d 377, 384 (6th Cir. 2007) (amended opinion). Furthermore, "the Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2008) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

Petitioner has failed to provide - and the Court has not discovered - any United States Supreme Court precedent to support the contention that the admission of evidence as to why a victim of a sexual assault became afraid of her assailant renders a trial fundamentally unfair. Accordingly, Petitioner's claim cannot be supported by clearly established federal law as required by §2254(d). Additionally, having reviewed the record, the Court agrees with the state trial court and court of appeals' findings that evidence of the victim becoming more frightened by Petitioner because she viewed him as a racist was more probative than it was unfairly prejudicial. Therefore, the evidence was properly admitted.

Finally, upon review of the record, the Court concurs with the court of appeals' finding that the handling of any testimony regarding Petitioner's aggressiveness was harmless. On federal habeas corpus review, a constitutional error is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)) (internal quotation marks omitted). This standard applies "whether or not the state appellate court recognized the error and reviewed it for harmlessness . . . .' " *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007). Petitioner fails to present a persuasive argument that the testimony concerning his aggressiveness "denied a fundamentally fair

11

trial." Indeed, the prosecutor did not follow-up on the testimony, not was it mentioned in closing argument.

Accordingly, the Court finds that the admission of this evidence did not have a substantial impact on the result of the trial. Petitioner is not entitled to habeas relief based on this claim.

C. Prosecutorial Misconduct

Petitioner next asserts that the prosecutor committed misconduct when he vouched for the credibility of the victim during closing argument by asserting that she had no reason to falsely accuse Petitioner and by arguing that Petitioner lied. The Michigan Court of Appeals rejected this claim, stating:

> Defendant next argues that the prosecutor improperly vouched for the complainant's credibility, improperly claimed that defendant lied, expressed his personal opinion as to the guilt of defendant, and made statements aimed at arousing and inflaming the passions of the jury during his closing arguments. Defendant's trial counsel did not object to these statements at trial. Therefore, we review this claim of error for plain error affecting defendant's substantial rights. *People v. Carines*, 460 Mich 750, 763 (1999).
>
> During his closing statement, the prosecutor made the following remarks regarding the complainant:
>
> She doesn't have any motive to lie whatsoever. . . .
>
>                         \* \* \*
>
> Autumn had no incentive to lie to you folks when she testified. . . . She's had to tell the police several times about very private things that have happened that are very embarrassing to her and she did that. . .
>
> [S]he's had to testify at a preliminary examination. . . . So again, no incentive to lie. . . .
>
> Then she's had to testify yet another time in front of you

12

> folks--fourteen strangers--another Judge who's a stranger, court staff, and anyone else who maybe comes into the courtroom. . . . She's also had to divulge this, when she testified, in front of family and friends. . . So no incentive for her to lie whatsoever.

> \* \* \*

> She had a very good memory as opposed to the Defendant who had a selective memory.

> \* \* \*

> So we look at [the complainant] and whether she has an incentive to lie, and then we look at the Defendant who has great incentives to lie. . . . Well, the Defendant has an incentive to get out of trouble for the crimes he's committed in this case. He has an incentive to lie to cover up a sexual relationship he had with someone who was twenty-six, close to twenty-seven years younger than he was. When Autumn was a little toddler, he was approaching thirty years of age.

> \* \* \*

> And the Defendant, he lied several times. And he lied and I caught him on cross examination lying several times. . . .

> \* \* \*

> But the Defendant lying on several levels started with his testimony about who initiated the sexual intercourse between himself and [the complainant]. . . .

> \* \* \*

> But I submit to you that was the situation, the moment, where you say aha, you're lying. I call it the aha moment, that you caught him in a direct lie.

Although it is improper for a prosecutor to personally vouch for the credibility of his witness, it is not improper for a prosecutor to argue from the evidence that his witness is credible. *People v. Dobek*, 274 Mich. App. 58, 66 (2007). It is also not improper for a prosecutor to argue that the opposing witness is not credible or even has lied. *People v. Howard*, 226 Mich. App. 528, 548 (1997). The difference depends on whether the prosecutor's statements bear a relation to the evidence presented in the case, or whether they imply some personal knowledge on

13

> the part of the prosecutor. Viewing the prosecutor's statements in context, see *People v. Thomas*, 260 Mich App 450, 454 (2004), we conclude that he never improperly vouched for the credibility of his witness, but argued that the evidence supported inferences that the complainant had no motivation to lie and that defendant did.
>
> Defendant also asserts that the prosecutor's statements as to the age difference were not relevant and could only serve to provoke an emotional response in the jury. Viewed in context, the statements are meant to help support the prosecution's theory that defendant was motivated to lie by embarrassment or shame at the sexual relationship. Even if the comment about the defendant being nearly 30 when the complainant was a toddler was excessive, such an isolated statement does not require reversal. Where defendant fails to object and request a curative instruction, reversal is not required unless the effect of the statement was so prejudicial that the effect could not have been cured by a jury instruction. *People v. Duncan*, 402 Mich. 1, 18 (1977). Such is not the case here.

*Slocum*, 2009 Mich. App. LEXIS 2538, *6-10.

The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, 132 S.Ct. 2148, 2153 (2012) (confirming that *Donnelly/Darden* is the proper standard).

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999)(internal citations omitted). The test for improper vouching for a witness is whether the jury could reasonably believe that the prosecutor

14

was indicating a personal belief in the witness' credibility. *United States v. Causey*, 834 F.2d 1277, 1283 (6th Cir. 1987). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999)(internal citations omitted). Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. See *United States v. Humphrey*, 287 F.3d 422, 433 (6th Cir. 2002).

The prosecutor's argument that the victim did not have a reason to lie was not improper. In making the remark, the prosecutor reviewed the evidence and asserted that the circumstances of coming forward resulted in her making public a humiliating period of her life. He also referred to the consistency of her claims and the circumstances of her revelation. That is, the assertion that the victim had no motivation to lie was an argument made based on the evidence presented and not on some alleged secret knowledge held by the prosecutor.

This conclusion is consistent with federal holdings involving similar allegations. Numerous cases have held that a prosecutor does not engage in vouching by arguing that his witnesses have no reason or motivation to lie, when such comments are based on the evidence and do not reflect a personal belief of the prosecutor. *See United States v. Jackson*, 473 F.3d 660, 672 (6th Cir. 2007) (finding that "although the remarks were repeated and improper, it appears that the prosecutor was attempting, however ineptly, to argue that the government's witnesses were credible because their testimony was consistent and corroborated by nontestimonial evidence and because they had no reason to lie); *United States v. Israel*, 133 F. App'x 159, 165 (6th Cir. 2005) ("It was a rhetorical

15

statement, which, although not in the form of a question per se, put the issue of [the witness's] credibility before the jury by highlighting his lack of motivation to lie. The use of rhetorical statements during closing argument is not improper."); *United States v. Parker*, 49 F. App'x 558, 563 (6th Cir. 2002) ("In 'submitting' that the various government witnesses had 'no reason to lie,' the prosecutor directed the jurors back to the 'believable' testimony but never asserted as a matter of personal conviction that the witnesses were honest, did not rely on knowledge outside of the facts presented at trial, and did not argue that there was an outside arrangement with the government, such as a plea agreement, requiring honesty."); *see also Alder v. Burt*, 240 F. Supp. 2d 651, 669 (E.D. Mich. 2003) (prosecutor did not engage in improper vouching when he argued that there was no evidence that the prosecution witness had an "axe to grind," and did not have any other improper motive when he asked rhetorically whether person who would burn 19-year-old female's body to destroy evidence would give truthful testimony and whether the prosecution witnesses had any reason to lie).

The Court finds that these arguments are persuasive in the present matter. The prosecutor's comment that Petitioner was lying falls far short of even more egregious comments which have been held not to deprive a defendant of a fair trial. *See United States v. August*, 984 F.2d 705, 714-15 (6th Cir. 1992) (on direct review of federal conviction, prosecutor's comment that defense counsel was trying to trick the jury did not rise to the level of prosecutorial misconduct, noting that "[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for truth."); *Kappos v. Hanks*, 54 F.3d 365, 367-68 (7th Cir. 1995) (petitioner not denied a fair trial where prosecutor referred to him as a "murderer" and "artful liar"); *Lindgren v. Lane*, 925 F.2d 198, 204

16

(7th Cir. 1991) (prosecutor's comments that defense theory was rife with inconsistencies, that defense counsel pulled "these inconsistencies like a magician pulls rabbits out of his hats," and that defense counsel was trying to "trick" the jury with "illusions" were not so egregious as to warrant habeas relief); *Irwin v. Singletary*, 882 F. Supp. 1036, 1043-44 (M.D. Fla. 1995) (habeas relief not warranted based on prosecutor's statement during closing argument that defendant was "grasping at straws").

Therefore, Petitioner's prosecutorial misconduct claim is without merit, and he has not demonstrated entitlement to habeas relief.

## IV. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a),

28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## V. Conclusion

Accordingly, it is HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to appeal *in forma paperis* is DENIED.

IT IS SO ORDERED.

S/Bernrd A. Friedman for
Hon. Lawrence P. Zatkoff
United States District Judge

Dated: January 8, 2015